

U.S. Department of Justice

National Security Division

*Appellate Unit*                           *Washington, D.C. 20530*

January 17, 2023

*Via ECF*

Mr. Michael E. Gans
Clerk of Court
United States Court of Appeals
 for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO 63102

      Re:    *United States v. Haitao Xiang*, No. 22-1801 (Arg. & Sub. - Jan. 12, 2023 - Smith, Wollman, and Loken)

Dear Mr. Gans:

      The government submits this letter under Federal Rule of Appellate Procedure 28(j) to provide notice of the First Circuit's recent decision in *United States v. Qin*, No. 21-1832, __ F. 4th __, 2023 WL 128600 (1st Cir. Jan. 9, 2023), upholding the legality of a border search of a laptop and cellular phone. *Qin* provides additional support for the government's arguments at pages 25-62 of its brief.

      In *Qin*, the court found that the government lawfully conducted a warrantless border search of the defendant's electronic devices pursuant to the border search doctrine. *Qin*, 2023 WL 128600, at *2. The court further found that the search was justified based on agents' "reasonable suspicion that the devices would contain evidence of [the defendant's] ongoing efforts to export controlled marine instruments to China without proper licensure in violation of U.S. export laws." *Id.* at *3.

      The court found that such reasonable suspicion was present because (1) the defendant had "shown a past interest in flouting U.S. export laws"; (2) the defendant had clients that included Chinese research institutes as well as "the naval warfare branch of the Chinese Army"; (3) the defendant had "expressed an interest in exporting [defense articles] to China"; and (4) the defendant had demonstrated a

"willingness to conceal" the nature of his activities and engaged in deception regarding "the nature of his export activities to China." *Id.* at *3-4.

Finally, the court rejected the defendant's argument that the search "did not constitute a border search at all" due to its duration and scope. *Id.* at *6-8. The court found that the sixty-day off-site search was a reasonable border search "given the District Court's findings that the length of the search was justified" by the circumstances. *Id.* at *7. And the court found that the use of keywords to search the devices was reasonable. *See id.* at *7-8.

*Qin* adds to the substantial authority that searches of electronic devices pursuant to the border search doctrine require, at most, reasonable suspicion.

Sincerely,

*s/Jeffrey M. Smith*
Jeffrey M. Smith
Appellate Counsel

cc: all counsel (via ECF)