

**January 19, 2023**

*Via ECF*

Mr. Michael E. Gans
Clerk of Court
United States Court of Appeals
 For the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

   Re: *United States v. Haitao Xiang*, No. 22-1801 (Arg. & Sub. – Jan. 12, 2023—Smith Wollman and Loken).

Dear Mr. Gans,

 Dr. Xiang submits this letter under Federal Rule of Appellate Procedure 28(j) to respond to the government's supplemental notice of the First Circuit's decision in *United States v. Qin*, No. 21-1832, __F.4th__, 2023 WL 128600 (1st Cir. Jan. 9, 2023). The decision supports Dr. Xiang's arguments on pages 28-40 of his opening brief and pages 7-12 of his reply brief.

 In short, *Qin* supports the premise that border searches should be limited to offenses that Customs Border Protection can enforce. *Qin*, 2023 WL 128600, at *2. For instance, the Court said that CBP can conduct border searches for "contraband, evidence of contraband," "or evidence of activity in violation of the laws enforced or administered by CBP[.]" *Id.* (quotations omitted). And it found reasonable suspicion based on the defendant violating *export laws*. *Id.* at *3-4. In fact, the agents knew that he wanted to export "products" under a munitions embargo. *Id.* at *4.

 Unlike here, the search concerned exporting physical goods in violation of export laws—*i.e.*, a law administered by CBP. *Id.* at *4-8. *Qin* did not involve a search for an intangible trade secret. CBP does not enforce intellectual property offenses and a stolen trade secret is not contraband under

Appellate Case: 22-1801   Page: 1   Date Filed: 01/19/2023 Entry ID: 5237514



customs laws. Though it noted that CBP agents could also search for border-related offenses, this was already the rule in the First Circuit under *Alasaad v. Mayorkas*, 988 F.3d 8, 91-21 (1st Cir. 2021). *Id.* at *8 n.9. Both Dr. Xiang and the government discussed *Alasaad* in their briefs.

    Despite involving export violations, the device search in *Qin* still "pushe[d] the bounds of what may reasonably fall into the border search exception[.]" *Id.* at *7. *Qin* adds nothing new. If anything, it highlights how the search here fell outside the border search doctrine.

                                      Sincerely,

                                        s/ Matthew P. Kralovec
                                        *Counsel for Haitao Xiang*

cc:     all counsel (via ECF)

a: The Monadnock Building • 53 W. Jackson Blvd., Suite 1128 • Chicago, Illinois 60604
p: 312.726.9015 • g: info@glozmanlaw.com • w: glozmanlaw.com