

U.S. Department of Justice

National Security Division

*Appellate Unit*　　　　　　　　　　　　　　　*Washington, D.C. 20530*

February 1, 2023

*Via ECF*

Mr. Michael E. Gans
Clerk of Court
United States Court of Appeals
　for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO 63102

　　　　Re:　*United States v. Haitao Xiang*, No. 22-1801 (Arg. & Sub. - Jan. 12, 2023 - Smith, Wollman, and Loken)

Dear Mr. Gans:

　　The government submits this letter under Federal Rule of Appellate Procedure 28(j) to respond to defendant's letter of January 29, 2023. Defendant brings the Court's attention to the recent district court decision in *United States v. Carpenter*, No. 20-CR-376, 2023 WL 358794 (N.D. Ill. Jan. 23, 2023). That decision provides additional authority supporting affirmance of defendant's conviction.

　　The *Carpenter* court held that "[a]pplying the border-search exception to searches with the sole aim of investigating domestic crime would 'untether' the exception from its purposes," and thus a "border search must further a sovereign interest underlying the exception whether by preventing the entry of people or contraband, investigating cross-border crime, collecting or regulating duties, or otherwise safeguarding national security." *Id.* at *3-4 (citing *United States v. Aigbekaen*, 943 F.3d 713, 721 (4th Cir. 2019)). *But see United States v. Levy*, 803 F.3d 120, 124 (2d Cir. 2015) (upholding a border search for evidence of a domestic crime); *United States v. Gurr*, 471 F.3d 144, 149 (D.C. Cir. 2006) (same).

　　This Court need not decide in this case whether border searches "with the sole aim of investigating domestic crime" are permissible because the border search of

defendant's devices involved the sovereign interests in (1) "safeguarding national security," namely preventing economic espionage for the benefit of a foreign nation; (2) preventing "contraband," namely stolen trade secrets, from crossing the border; and (3) "investigating [and interrupting] cross-border crime," the exfiltration of the stolen trade secrets from the country to be used to benefit a foreign government. *See* Gov't Br. 36-38 (discussing, *inter alia*, *Aigbekaen*).

Sincerely,

*s/Jeffrey M. Smith*
Jeffrey M. Smith
Appellate Counsel

cc: all counsel (via ECF)